# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Robert Ducharme, | ) |
|                Plaintiff, | ) C.A. No. 6:20-cv-01620-HMH |
| v. | ) **COMPLAINT** |
| | ) (Jury Trial Demanded) |
| Madewell Concrete, LLC and | ) |
| Kevin Johnston, | ) |
|                Defendants. | ) |

Plaintiff Robert Ducharme ("Plaintiff") brings this claim against Defendants Madewell Concrete, LLC ("Madewell" or "Defendant Madewell") and Kevin Johnston ("Johnston" or "Defendant Johnston") (collectively "Defendants"), based on the allegations set forth below.

## PARTIES

1. Plaintiff is a citizen and resident of the County of Greenville, South Carolina.

2. Upon information and belief, Defendant Johnston is a citizen and resident of the County of Greenville, South Carolina. Johnston is the owner Defendant Madewell Concrete, LLC.

3. Defendant Madewell Concrete, LLC is a South Carolina limited liability company that does business in South Carolina, North Carolina, Georgia, and Florida, with headquarters located in Greenville County, South Carolina.

## JURISDICTION

4. This Court has subject matter jurisdiction over the claims in this lawsuit under 28 U.S.C. §§ 1331 and 1338 in that this action arises under the laws of the United States, including the federal Stored Communications Act and the Fair Labor Standards Act ("FLSA"). The Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367,

which form part of the same case or controversy, including violations of the South Carolina Homeland Security Act, S.C. Code Ann. § 17-30-10 *et seq*.

5. This Court has personal jurisdiction over Defendant Johnston because he is a citizen and resident of South Carolina, and he has purposely availed himself of the rights and privileges afforded to him under South Carolina law.

6. This Court has personal jurisdiction over Defendant Madewell because it is a South Carolina company that is doing business in South Carolina, and it has purposely availed itself of the rights and privileges afforded to it under South Carolina law

### **VENUE**

7. Venue is proper in this division because Defendant Johnston lives in Greenville County; Defendant Madewell conducts business in Greenville County; and the acts or omissions that are the subject of this action occurred in Greenville County, South Carolina.

### **FACTS**

8. Plaintiff worked for Defendant Johnston and Defendant Madewell from April 2019 until December 5, 2019.

9. During his employment with Madewell, Plaintiff was employed as an operations manager and classified as salaried exempt under the overtime requirements of the FLSA.

10. However, Defendants Madewell and Johnston deliberately misclassified Plaintiff as exempt from overtime requirements of the FLSA.

11. Plaintiff did not supervise any employees of Madewell during his time with the company, nor did he have any authority to hire or fire employees of Madewell. Therefore, he fails to meet the duties test of the executive exemption.

12. Plaintiff did not work in an office setting or perform administrative functions for Madewell. Therefore, he fails to meet the duties test for the administrative exemption.

13. Plaintiff also fails to meet the requirements of any other exemption under the FLSA.

14. Plaintiff regularly worked approximately ten hours of overtime per week, but Defendants deliberately failed to pay Plaintiff his lawfully earned overtime pay throughout Plaintiff's employment.

15. During his employment with Defendants, Plaintiff used a company-provided iPad for work. Plaintiff had also used the iPad to access his personal gmail account.

16. Plaintiff resigned on December 5, 2019 and began working for another company.

17. On March 3, 2020, Madewell Concrete, at the direction of Defendant Johnston, filed a spurious and frivolous lawsuit against Plaintiff Ducharme and his new employer in state court.

18. As part of this lawsuit, Defendant Madewell, at the direction of Defendant Johnston, attached a picture as an exhibit to the complaint. Upon information and belief, this exhibit was a screenshot or picture that Johnston had taken on the iPad used by Plaintiff Ducharme while he was employed with Madewell. The screenshot showed an email from Plaintiff's personal gmail account.

19. Defendant Johnston illegally and without authorization accessed Plaintiff's personal gmail account, as established by Defendant's blatant admission contained in the exhibit filed with the state lawsuit.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of the Stored Communications Act, 18 U.S.C. 2510 *et seq.*—**
**Against All Defendants)**

20. Plaintiff incorporates by reference all prior allegations into this cause of action.

21. Upon information and belief, Defendant Johnston, as described above, intentionally accessed Plaintiff's personal email account, as evidenced by the screenshot or picture attached as Exhibit B to Madewell's state lawsuit.

2

22. Defendant Johnston's actions were taken individually and on behalf of Defendant Madewell.

23. Defendants' access of Plaintiff's personal email account was without Plaintiff's knowledge or authorization.

24. Plaintiff's email communications via his personal gmail account constitutes a wire or electronic communication that was in electronic storage.

25. As a result of Defendants' illegal actions, Plaintiff has suffered damaged in an amount to be proved at trial.

26. Defendants' actions were willful or intentional, and Plaintiff is entitled to an award of punitive damages.

27. Plaintiff is entitled to an award of attorney's fees and costs associated with this action.

## FOR A SECOND CAUSE OF ACTION
### (S.C. Homeland Security Act, S.C. Code Ann. § 17-30-10 *et seq.*— Against All Defendants)

28. Plaintiff incorporates by reference all prior allegations into this cause of action.

29. Upon information and belief, Defendant Johnston, as described above, intentionally accessed Plaintiff's personal email account, as evidenced by the screenshot or picture attached as Exhibit B to Madewell's state lawsuit.

30. Defendant Johnston's actions were taken individually and on behalf of Defendant Madewell.

31. Defendants' actions to intercept Plaintiff's wire and electronic communication were without Plaintiff's consent or authorization and are in violation of S.C. Code Ann. § 17-30-20(1).

32. Defendants' actions to intentionally disclose Plaintiff's wire and electronic communication to the public through attaching such email as Exhibit B to Madewell's state court Complaint are in violation of S.C. Code Ann. § 17-30-20(3).

33. Defendants' actions to intentionally use or attempt to use Plaintiff's wire and electronic communication by attaching such email as Exhibit B to Madewell's state court Complaint are in violation of S.C. Code Ann. § 17-30-20(5).

34. Plaintiff has suffered damages as a result of Defendants' illegal actions.

35. Plaintiff is entitled to recover statutory damages, punitive damages, and attorney's fees and costs.

## FOR A THIRD CAUSE OF ACTION
(Fair Labor Standards Act, Failure to Pay Overtime—
Against All Defendants)

36. Plaintiff incorporates by reference all prior allegations into this cause of action.

37. Defendant Madewell is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(s), because it has annual gross sales or business of at least $500,000.00 and has employees engaged in interstate commerce.

38. Defendant Johnston is an "employer" for purposes of the Fair Labor Standards Act, because, as owner of Defendant Madewell, Johnston acted directly or indirectly in the interest of Madewell in relation to Plaintiff.

39. Plaintiff is a covered employee under the FLSA because he was involved in interstate commerce or handled goods conveyed in interstate commerce during his employment with Defendants.

40. Plaintiff routinely worked in excess of forty (40) hours per workweek for Defendants.

41. Defendants failed to pay Plaintiff at the rate of one-and-a-half times his regular rate of pay for all hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

42. Plaintiff is entitled to back wages at the rate of one-and-a-half times his regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. The failure of Defendants to compensate Plaintiff for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

44. Plaintiff is also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to him under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

45. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b)

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor and against the Defendants on all causes of action as follows:

a. Award Plaintiffs all damages resulting from Defendants' unlawful actions, including actual damages, compensatory damages, special damages, and consequential damages;

b. Award monetary damages to Plaintiff in the form of back pay for unpaid overtime compensation due, together with liquidated damages in an equal amount;

c. Award Plaintiff statutory damages pursuant to the S.C. Homeland Security Act;

d. Award Plaintiff punitive damages;

e. Award Plaintiff his attorney's fees and costs;

f. Award Plaintiff pre-judgment interest;

5

g.  Award Plaintiff such other legal and equitable relief, including pre-judgment and post-judgment interest, as this Court may deem proper.

>Respectfully submitted,
>
>**Horton Law Firm, P.A.**
>
>s/ Jeremy R. Summerlin
>**Jeremy R. Summerlin**
>Fed. Bar No. 11827
>jsummerlin@hortonlawfirm.net
>307 Pettigru Street
>Greenville, SC  29601
>864.233.4351   864.233.7142 fax
>
>*Attorney for Plaintiff Robert Ducharme*

April 24, 2020

6