IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert Ducharme, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:20-1620-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Madewell Concrete, LLC and Kevin Johnston, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Madewell Concrete, LLC ("Madewell") and Kevin Johnston's ("Johnston") (collectively "Defendants") motion to dismiss one of Robert Ducharme's ("Plaintiff") claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons set forth below, the court denies Defendants' motion to dismiss.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the complaint, Plaintiff was employed by Defendants from April 2019 until December 5, 2019. (Compl. ¶ 8, ECF No. 1.) Plaintiff alleges that Defendants deliberately misclassified him as salaried, which exempted him from the overtime requirements of the Fair Labor Standards Act ("FLSA"). Thus, Plaintiff contends that Defendants did not compensate him for his overtime work. (Id. at ¶¶ 8-14, ECF No. 1.) Moreover, Plaintiff claims that Johnston illegally and without authorization accessed Plaintiff's personal email account. (Id. at ¶ 19, ECF No. 1.) Plaintiff contends that he used a company-issued iPad while working for Defendants and that he accessed his personal email account on this iPad. (Id. at ¶ 15, ECF No.

1

1.) Plaintiff resigned from his position with Defendants on December 5, 2019 and began working for another company. (Id. at ¶ 16, ECF No. 1.) Plaintiff submits that on March 3, 2020, Madewell, at the direction of Johnston, filed suit against Plaintiff and his new employer in state court and attached to the complaint a picture of an email from Plaintiff's personal email account, which was taken from the company-issued iPad. (Compl. ¶¶ 17-18, ECF No. 1.)

Plaintiff sued Defendants, alleging three claims: violations of (1) the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, *et seq*., (2) the South Carolina Homeland Security Act ("SCHSA"), S.C. Code Ann. § 17-30-10, *et seq*., and (3) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. (Id., generally, ECF No. 1.) On June 26, 2020, Defendants filed a motion to dismiss Plaintiff's SCHSA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Mot. Dismiss, ECF No. 9.) Plaintiff filed a response in opposition on July 9, 2020. (Resp., ECF No. 10.) This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id.

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2))

### B. Preemption

Defendants contend that Plaintiff's SCHSA claim is preempted by the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq*. and therefore should be dismissed. (Mem. Supp. Mot. Dismiss 1-3, ECF No. 9-1.) More specifically, Defendants argue express preemption and submit that, in 18 U.S.C. § 2518(10)(c), "Congress expressed clear intent that any alleged interception of any 'electronic communication' falls under the exclusive remedy of the [EPCA.]" (Id. at 2, ECF No. 9-1.) Section 2518(10)(c) provides, "[t]he remedies and sanctions described in this chapter with respect to the interception of electronic

3

communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications."

As an initial matter, Plaintiff argues that Defendants analyze an improper code section for preemption because Defendants cite to a provision in Chapter 119 of the ECPA, while Plaintiff sued under the SCA, which is in Chapter 121 of the ECPA. (Resp. 2, ECF No. 10.) However, at issue is whether the interception of electronic communications provisions of the ECPA preempt a claim based on the interception of electronic communications provisions of the SCHSA. Thus, Plaintiff's separate, federal claim under the SCA based on stored communications is irrelevant for this question. Therefore, the court will address Defendants' preemption argument based on Chapter 119 of the ECPA herein.

Under the Supremacy Clause, "the Laws of the United States . . . shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. "Pre-emption of state law thus occurs through the direct operation of the Supremacy Clause." Kurns v. R.R. Friction Prods. Corp., 565 U.S. 625, 630 (2012) (citation and internal quotation marks omitted).

When examining express preemption, courts "begin [their] analysis with the assumption that the historic police powers of the States [are] not to be superseded by the Federal Act unless that [is] the clear and manifest purpose of Congress." Altria Grp., Inc. v. Good, 555 U.S. 70, 77 (2008) (citation and internal quotation marks omitted). "Thus, when the text of a pre-emption clause is susceptible of more than one plausible reading, courts ordinarily accept the reading that disfavors pre-emption." Id. at 77 (citation and internal quotation marks omitted); see

4

Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996) (noting that courts "have long presumed that Congress does not cavalierly pre-empt state-law causes of action.").

In every preemption case, "[t]he purpose of Congress is the ultimate touchstone[.]" Medtronic, 518 U.S. at 485 (citations and internal quotation marks omitted). For express preemption cases in particular, "the text itself contains the best evidence of Congress' preemptive intent." Air Evac EMS, Inc. v. Cheatham, 910 F.3d 751, 761-62 (4th Cir. 2018) (citations and internal quotation marks omitted). Thus, the court's "task is simply to interpret the words as they are written." Id. at 762.

The court finds that § 2518(10)(c) does not expressly preempt state law claims. As it is written, § 2518(10)(c) does not iterate that the remedies provided in Chapter 119 of the ECPA are the only judicial remedies available for all interceptions of electronic communications. Rather, a plain reading of § 2518(10)(c) indicates that there are limited remedies available for a violation of Chapter 119 of the ECPA itself. This limit on the remedies available under the ECPA does not result in the preemption of all state law claims also involving the interception of electronic communications. See Shively v. Carrier IQ, Inc., Nos. C-12-0290 EMC, C-11-5774 EMC, 2012 WL 3026553, at *3, *5 (N.D. Cal. July 24, 2012) (unpublished) (finding that § 2518(10)(c) did not expressly preempt state law claims and noting that this limit on remedies under the ECPA "does not mean that violations of *other* laws . . . cannot provide for *other* remedies and sanctions."); Leong v. Carrier IQ Inc., Nos. CV 12-01562 GAF (MRWx), CV 12-01564 GAF (MRWx), 2012 WL 1463313, at *4 (C.D. Cal. Apr. 27, 2012) (unpublished) (noting that § 2518(10)(c) "does not even impact the question of preemption, but rather focuses on the scope of available federal remedies when a violation of the statute has been established.");

Sheppard v. Google, No. 4:12-CV-04022, 2012 WL 6086867, at *4 (W.D. Ark. Dec. 6, 2012) (unpublished) (stating that § 2518(10)(c) was not intended "to take jurisdiction over *civil* communications cases away from the states . . . .").

Congress could have easily and explicitly stated that the remedies in the ECPA are the exclusive remedies for all interceptions of electronic communications or that the ECPA preempts state law claims, but it did not do so. Compare 29 U.S.C. § 1144(a) ("[T]he provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."). Moreover, a review of the legislative history indicates that § 2518(10)(c) was included to ensure that interceptions of electronic communications were not subject to the exclusionary rule absent a Fourth Amendment violation. See S. Rep. No. 99-541, at 3577 (1986) ("The purpose of [§ 2518(10)(c)] is to underscore that, as a result of discussions with the Justice Department, the [ECPA] does not apply the statutory exclusionary rule contained in title III of the Omnibus Crime Control and Safe Streets Act of 1968 to the interception of electronic communications.").

Based on the forgoing, the court finds that Congress did not express a clear and manifest purpose to preempt state law through § 2518(10)(c) and thus, the ECPA does not preempt Plaintiff's claim under the SCHSA. Therefore, Plaintiff has stated a claim under the SCHSA that is plausible on its face, and Defendants' motion to dismiss is denied.

It is therefore

**ORDERED** that Defendants' motion to dismiss, docket number 9, is denied. It is further

**ORDERED** that Plaintiff's request for attorney's fees for the time spent responding to this motion is denied.

**IT IS SO ORDERED**.

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
July 17, 2020