IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Ducharme, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 6:20-1620-HMH |
| | ) |
| vs. | ) |
| | ) **OPINION & ORDER** |
| Madewell Concrete, LLC and Kevin Johnston, | ) |
| | ) |
| | ) |
| Defendants. | ) |

This matter is before the court to determine the amount of damages, attorney's fees, and costs Plaintiff Robert Ducharme ("Plaintiff") is entitled to as the prevailing party on Plaintiff's Fair Labor Standards Act ("FLSA") claim. In addition, Defendants seek to recover certain costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On April 24, 2020, Plaintiff filed the instant case against Defendants Madewell Concrete, LLC ("Madewell") and Kevin Johnston ("Johnston") (collectively "Defendants"), alleging claims for violations of (1) the Stored Communications Act ("SCA"), 18 U.S.C. § 2701, *et seq.*, (2) the South Carolina Homeland Security Act ("SCHSA"), S.C. Code Ann. § 17-30-10, *et seq.*, and (3) the FLSA, 29 U.S.C. § 201, *et seq.* (Compl., generally, ECF No. 1.) Plaintiff filed a motion for partial summary judgment on April 23, 2021. (Pl. Mot. Part. Summ. J., ECF No. 22.) On the same day, Defendants filed a motion for summary judgment. (Defs. Mot. Summ. J., ECF No. 23.) In an order dated May 26, 2021, the court granted Plaintiff's motion for partial summary judgment on the FLSA claim. (Order, ECF No. 30.) The court

1

denied Defendants' motion for summary judgment as to the FLSA claim and granted Defendants' motion as to the claims for violations of the SCA and SCHSA. (Id., ECF No. 30.)

## II. Discussion of the Law

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Further, "[t]he district court may, in its discretion, decline to award liquidated damages where 'the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" Sellers v. Keller Unlimited LLC, 388 F. Supp. 3d 646, 652 (D.S.C. 2019) (quoting 29 U.S.C. § 260). "The employer bears the burden of proof in establishing this defense." Perez v. Mountaire Farms, Inc., 650 F.3d 350, 375 (4th Cir. 2011) (citation omitted).

In addition to any judgment awarded to the plaintiff, the FLSA provides that the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "The amount of the attorney's fees, however, is within the sound discretion of the trial court." Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984). The calculation of an attorney's fee award is a three-step process. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013). "First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" Id. (quoting Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009)). Reasonable hours and reasonable rates are determined by applying "the factors set forth in Johnson v. Georgia Highway Express Inc., 488 F.2d 714,

717-19 (5th Cir. 1974)." Id. (citing Robinson, 560 F.3d at 243-44.) Second, "the court must 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" Id. (quoting Robinson, 560 F.3d at 244). The final step is to "award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" Id. (quoting Robinson, 560 F.3d at 244).

### A. Unpaid Overtime Compensation

Plaintiff was compensated on a commission basis from April 2019 until October 21, 2019. (Order 4, ECF No. 30); (Defs. Mem. Damages, generally, ECF No. 34); (Pl. Mem. Damages, generally, ECF No. 35.) From October 21, 2019, until his resignation on December 5, 2019, Plaintiff was compensated on a salary basis. (Order 3-4, ECF No. 30); (Defs. Mem. Damages, generally, ECF No. 34); (Pl. Mem. Damages, generally, ECF No. 35.) The parties agree that Plaintiff is entitled to unpaid overtime compensation for 10 hours of overtime per week. (Defs. Mem. Damages, 2-3, ECF No. 34); (Pl. Mem. Damages, 2, ECF No. 35.) The parties also agree as to the amount of compensation Plaintiff received in each pay period. (Defs. Mem. Damages, generally, ECF No. 34); (Pl. Mem. Damages Ex. 1 (Overtime Calculation 2), ECF No. 35-1.) However, the parties dispute the amount of unpaid overtime compensation due.

Upon review, the court finds that neither party correctly calculated the amount of unpaid overtime due during the commission period. Based on the regulations governing deferred commission payments, the hourly rate is calculated by dividing the commission allocated to each workweek by the total number of hours worked in each week. See 29 C.F.R. §§ 778.119-778.120. The amount of additional overtime due is then computed by multiplying one-half of the hourly rate by the number of overtime hours worked in a given week. See id. Based on this

formula, the court finds Plaintiff is owed $3,135.20 in unpaid overtime for the time period in which he was paid on a commission basis.

Next, the court finds that Defendants correctly calculated the amount of overtime owed for the time in which Plaintiff was paid a salary. Under Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011), and the relevant regulations, Plaintiff is entitled to overtime pay of one-half of his regular rate, and the regular rate is based on total number of hours worked. See Desmond, 630 F.3d at 354; 29 C.F.R. §§ 778.108, 778.109, 778.113. The court finds Plaintiff is owed $774.20 in unpaid overtime for the time in which he was paid a salary.

Based on the foregoing, the court finds Plaintiff is entitled to a total of $3,909.24 in unpaid overtime pay.

### B. Liquidated Damages

"The FLSA provides for mandatory liquidated damages in an amount equal to the unpaid overtime compensation." Perez, 650 F.3d at 375 (citing 29 U.S.C. § 216(b)). However, the court may refuse to award liquidated damages if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. Defendants do not attempt to make such a showing. (Defs. Mem. Damages, generally, ECF No. 34.) In fact, Defendants included liquidated damages in their brief calculating Plaintiff's damages. (See id., ECF No. 34.) Plaintiff is awarded $3,909.24 in liquidated damages.

## C. Prejudgment Interest

In addition, Plaintiff seeks prejudgment interest on the unpaid overtime amount. (Pl. Mem. Damages, 4-5, ECF No. 35.) "[P]rejudgment interest on an FLSA overtime claim is compensatory[.]" Calderon v. GEICO Gen. Ins. Co., 809 F.3d 111, 133 (4th Cir. 2015). "Normally, '[p]rejudgment interest is necessary, in the absence of liquidated damages, to make the [plaintiff] whole.'" Dole v. Shenandoah Baptist Church, 899 F.2d 1389, 1401 (4th Cir. 1990) (quoting Cline v. Roadway Express, 689 F.2d 481, 489 (4th Cir. 1982)). "However, the decision whether to award interest is within the trial court's discretion." Id. (citing Cline, 689 F.2d at 489). Based on a thorough review of the record and considering Plaintiff's award of liquidated damages, the court declines to award prejudgment interest.

## D. Attorney's Fees and Costs

### 1. Step One: The Lodestar Amount

In order to determine the reasonable number of hours and the reasonable rate in calculating the lodestar, the court must consider twelve non-exclusive factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)).

### (a) Reasonable Hours

"To establish the number of hours reasonably expended, the attorney 'should submit evidence supporting the hours worked.'" Crossmann Cmtys. of N.C., Inc. v. Harleysville Mut. Ins. Co., Civil Action No. 4:09-1379-RBH, 2014 WL 2169075, at *2 (D.S.C. May 23, 2014) (unpublished) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The attorney should "exclude 'hours that are excessive, redundant, or otherwise unnecessary' in order to reflect the number of hours that would properly be billed to the client." Id. (quoting Hensley, 461 U.S. at 434). "[T]he court should not simply accept as reasonable the number of hours reported by counsel." Espinoza v. Hillwood Square Mut. Ass'n, 532 F. Supp. 440, 446 (E.D. Va.1982) (citation omitted).

Plaintiff seeks an award of attorney's fees for 63 hours worked by his attorney. (Pl. Mem. Damages Ex. 2 (Summerlin Affidavit 3, 5-6, ECF No. 35-2.) Plaintiff's counsel indicates that he worked a total of 79 hours on this case.[1] (Id. Ex. 2 (Summerlin Affidavit 6), ECF No. 35-2.) However, Plaintiff has reduced by one-half the number of hours expended on depositions and a mediation because the parties utilized the depositions and mediation jointly in a related state court case. (Id. Ex. 2 (Summerlin Affidavit 3, 6), ECF No. 35-2.) As an initial matter, the court finds Plaintiff's voluntary one-half reduction for the mediation and deposition hours is reasonable.

---

[1] Plaintiff's counsel's time entries state a total of 78:30 hours, however, the total proposed hours submitted are actually 79. (See Pl. Mem. Damages Ex. 2 (Summerlin Affidavit 5-6), ECF No. 35-2.)

The court has considered the time and labor required, the novelty and difficulty of the questions, the time limitations imposed by the client or the circumstances, and the amount involved and the results obtained in determining the reasonableness of the hours claimed. Accordingly, the court finds 63 hours was a reasonable number of hours for Plaintiff's counsel to expend on the instant case.

### (b) Reasonable Rates

"The hourly rates included in a request for attorney's fees must also be reasonable." Crossmann, 2014 WL 2169075 at *2 (citing Hensley, 461 U.S. at 433). Reasonable rates are determined "by compensating attorneys at the prevailing market rates in the relevant community." Rum Creek, 31 F.3d at 175 (internal quotation marks omitted). "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." Id. (internal citations omitted). Evidence "deemed competent to show prevailing market rates includes 'affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community.'" McAfee v. Boczar, 738 F.3d 81, 91 (4th Cir. 2013) (quoting Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 245 (4th Cir. 2009)).

Plaintiff's counsel contends $300 per hour is a reasonable rate for his time in the instant case. (Pl. Mem. Damages 8, ECF No. 35.) Plaintiff's counsel has provided affidavits from three local employment attorneys in support. (See id. Ex. 3 (Murphy Affidavit), Ex. 4 (Porter Affidavit), Ex. 5 (Dunlaevy Affidavit), ECF Nos. 35-3, 35-4, 35-5.) Defendants do not dispute the requested rate. After considering the level of skill required to perform the legal service

properly, the preclusion of employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, the experience, reputation, and ability of the attorneys, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases, the court finds that $300 per hour is reasonable in this case.

### 2. Steps Two and Three:  Unsuccessful Claims and Lodestar Percentage

In addition, the court must "'subtract fees for hours spent on unsuccessful claims unrelated to successful ones.'" Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir. 2002)).  Defendants argue for a reduction for hours spent on Plaintiff's unsuccessful, unrelated causes of action for violations of the SCA and SCHSA.  (Defs. Mem. Damages, generally, ECF No. 34.)  Specifically, Defendants argue that the certain hours, such as those spent working on discovery, preparing for and participating in mediation and depositions, and work related to Defendants' motion for summary judgment involved work on both the FLSA claim and the SCA and SCHSA claims.  (Defs. Reply, generally, ECF No. 37.)  Defendants argue such hours must be reduced accordingly.  (Id., generally, ECF No. 37.)  The court agrees and finds that the SCA and SCHSA claims are "distinct in all respects" from Plaintiff's FLSA claim.  See Hensley v. Eckerhart, 461 U.S. 424, 440 (1983) ("Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.").

Upon review, court finds that the time expended by Plaintiff's counsel on Defendants' motion to dismiss should be excluded. Defendants filed a motion to dismiss only Plaintiff's SCHSA claim. (See Defs. Mot. Dismiss, ECF No. 9.) Hours spent by Plaintiff's counsel related to the motion to dismiss (3:50 hours) are therefore unrelated to Plaintiff's FLSA claim. Accordingly, Plaintiff's counsel's hours are reduced by 3:50 hours to 59:10 hours. Next, of the remaining 59:10 hours, that court finds that 38:20 hours involved joint work on both the FLSA claim and the SCA and SCHSA claims. Thus, the court reduces 38:20 hours by one-half to 19:10 hours.

Finally, the court must "award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" McAfee, 738 F.3d at 88 (quoting Robinson, 560 F.3d at 244). The court declines to make any further adjustment on this basis. Therefore, based on total of 40 attorney hours at rate of $300 per hour, Plaintiff is awarded attorney's fees in the amount of $12,000.00.

### E. Costs

Plaintiff seeks an award of costs in the amount of $1,870.04. (Pl. Mem. Damages Ex. 2 (Summerlin Affidavit 3-4, ECF No. 35-2.) This amount includes a voluntary one-half reduction for the costs of the depositions and mediation that were shared with the related state court case. (Id. Ex. 2 (Summerlin Affidavit 3-4, ECF No. 35-2.) Defendants agree that Plaintiff is entitled to costs under the FLSA. (Defs. Reply, generally, ECF No. 37.) However, Defendants argue that Plaintiff's proposed costs include costs for the SCA and SCHSA claims and argue that Plaintiff is not entitled to costs for these unsuccessful, unrelated claims. (Id., generally, ECF

No. 37.) Additionally, Defendants argue that they are the "prevailing party" on the SCA and SCHSA claims and seek to recover $897.40 in costs related to those claims pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party."). (Mem. Supp. Defs. Bill of Costs, generally, ECF No. 33-1.)

The Supreme Court has "held that for a party to be considered a 'prevailing party,' there must be a 'material alteration of the legal relationship of the parties,' and there must be 'judicial *imprimatur* on the change.'" Grissom, 549 F.3d at 318 (internal citations omitted) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res., 532 U.S. 598, 604-05 (2001)). Judgment was entered in favor of both parties in this case. Plaintiff is a prevailing party because judgment was entered in favor of Plaintiff on the FLSA claim and Defendants are ordered to pay $7,818.48 in damages. Such judgment materially alters the relationship between parties by imposing upon Defendants a legally enforceable obligation to pay Plaintiff $7,818.48. See Grissom, 549 F.3d at 318-19. Further, "there is judicial imprimatur on the change in that the district court has the inherent power to compel [Defendants] to satisfy such judgment." Id. at 319 (citation omitted).

"Although the Fourth Circuit has not determined whether there can be more than one prevailing party in a suit, numerous district courts in this circuit have determined there can only be one prevailing party." Raynor v. G4S Secure Sols. (USA), Inc., No. 317CV00160FDWDSC, 2020 WL 3578313, at *3 (W.D.N.C. July 1, 2020) (unpublished) (citing Kraemer v. Mass. Mut. Life Ins. Co., No. 2:15-CV-04571, 2018 WL 732901, at *2 (D.S.C. Feb. 6, 2018) ("[T]his district, as well as other districts within the Fourth Circuit, have followed the lead of the Federal

Circuit in finding that there may only be one prevailing party."); Ethox Chem., LLC v. Coca-Cola Co., No. 6:12-1682-KFM, 2016 WL 7053351, at *2 (D.S.C. Feb. 29, 2016) (unpublished); Intellectual Ventures I LLC v. Capital One Fin. Corp, No. 1:13cv0740, 2015 WL 7283108, at *2 (E.D. Va. Nov. 17, 2015) (unpublished) ("There can be, however, only one 'prevailing party,' even in cases involving mixed judgments.")). The court declines to find there are two prevailing parties in the instant case and declines to award costs to Defendants.

The court agrees with Defendants that Plaintiff's proposed costs include costs associated with both the FLSA claim as well as the SCA and SCHSA claims. The court finds Plaintiff's costs are recoverable but will reduce them by one-half to account for the SCA and SCHSA claims. The court awards Plaintiff costs in the amount of $935.02.

It is therefore

**ORDERED** that Defendants are directed to pay Plaintiff an amount of $7,818.48 in FLSA damages. It is further

**ORDERED** that Defendants are directed to pay Plaintiff an amount of $12,000.00 in attorney's fees and $935.02 in costs.

**IT IS SO ORDERED**.

Henry M. Herlong, Jr
Senior United States District Judge

Greenville, South Carolina
June 25, 2021